UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STATE OF LOUISIANA

| | |
|---|---|
| CHAD BLACKARD | CIVIL ACTION 12-704 |
| VERSUS | JUDGE |
| LIVINGSTON PARISH SEWER DISTRICT | STATE OF LOUISIANA |

COMPLAINT

I. *INTRODUCTION*

This is an action alleging disability discrimination and retaliation in violation of Title II of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794 et seq. (504). Plaintiff, Chad Blackard, is a qualified individual with a disability who has been denied accommodations and equal opportunities, benefits and services in his employment and suffered retaliation, resulting in his discharge. Plaintiff is entitled to equitable relief.

II. *JURISDICTION*

1. Plaintiff believes that this Court has jurisdiction in accordance with 28 U.S.C. 1331, 29 U.S.C. 794a, and 42 U.S.C. 12133. Venue is proper pursuant to 28 U.S.C. 1391.

2. Title II and 12203 of the ADA, Section 504 of the Rehabilitation Act, do not require the exhaustion of administrative remedies.

III. *PARTIES*

4. Plaintiff, Chad Blackard (hereinafter "Plaintiff" or "Blackard"), is a citizen of the United States and a resident of the State of Louisiana. Blackard is a person with mental disabilities including Bipolar Disorder, Depression, Anxiety, and ADHD. Plaintiff is a person with a disability in that he has physical and/or mental impairments which substantially limit one or more of his major life activities. 42 U.S.C. 12102.

5. Defendant, Livingston Parish Sewer District (hereinafter "Defendant"), is an employer pursuant and a public entity in accordance with 42 U.S.C. 12131(1). Upon information and belief, this Defendant is also a recipient of federal financial assistance.

IV. *FACTUAL ALLEGATIONS*

6.. On July 24, 2012, plaintiff submitted correspondence from his doctor to defendant, his employer, regarding his diagnoses of several mental disabilities. His doctor noted that plaintiff was not able to drive after taking Klonopin, one of his prescriptions, but would be able to work at full capacity during the day. Due to this impairment, plaintiff requested an accommodation for relief of having to carry a pager for on-call duty at night time.

7. Subsequent to plaintiff informing defendant of his mental disabilities and accommodation that was needed, his employment was terminated on July 27, 2012

8. Plaintiff was unlawfully retaliated against as he was subjected to termination of his employment by the defendant due to his disability.

9. As a result of defendants' actions, Blackard has suffered extreme harm, including, but not limited to compensation and other benefits of employment, termination of employment, retaliation, and he has suffered pain, humiliation, mental anguish and suffering, and loss of enjoyment of life.

V. *CAUSES OF ACTION - THE AMERICANS WITH DISABILITIES ACT, TITLE II AND § 12203, SECTION 504 OF THE REHABILITATION ACT OF 1973*

10. Plaintiff realleges and incorporates by reference paragraphs 1 through 9 above with the same force and effect as if fully set out in specific detail hereinbelow.

11. As stated, plaintiff is a person with a disability, has a history of disability and/or is perceived as disabled pursuant to 42 U.S.C. 12102. Defendants are a public entity in accordance with 42 U.S.C. 12131(1) and it is a local public entity that has received federal financial assistance.

12. Despite plaintiff's disability, with or without reasonable accommodation, he is able to perform the essential functions of his former position as a mechanic for the Livingston Parish Sewer District. Plaintiff meets the definition of a "qualified individual with a disability" pursuant to 29 U.S.C. 794 and 42 U.S.C. 12132.

13. Defendant failed to accommodate plaintiff for his disability, and instead discharged him three days after he made a request for accommodation.

14. Defendant intentionally, maliciously, and with reckless indifference discriminated against the plaintiff in the terms, conditions, benefits of his employment including, but not limited to, his wages, benefits, discipline, and ultimately his discharge because of his actual or perceived disability.

15. Defendant has also unlawfully retaliated against the plaintiff for his disability and request for accommodation for his disability by his unlawful discharge.

16. An accommodation by relieving plaintiff of a on-call duties at night time would not have caused substantial or grievous economic injury to the operations of the defendant.

17. Defendant, by its discriminatory treatment of plaintiff have without justification deprived plaintiff of his federal rights, as described herein. This deprivation violates plaintiff's rights under Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act of 1973.

VI. *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant, including the actions taken against plaintiff by defendant are in violation of plaintiff's rights as secured by the Americans with Disabilities Act, Title II and the Rehabilitation Act of 1978, Section 504.

2. Enter an Order requiring defendant to award plaintiff damages including back pay, front pay, nominal, and compensatory damages, pursuant to the Americans with Disabilities Act, Title II and Section 504 of the Rehabilitation Act.

3. Award plaintiff reasonable costs, attorney's fees and expenses.

4. Award such other relief and benefits as the cause of justice may require.

Respectfully Submitted:

s/Gregory J. Miller
Gregory J. Miller No. 17059
**MILLER& HAMPTON**
3960 Government Street
Baton Rouge, LA 70806
Telephone: (225) 343-2205
Facsimile:(225) 343-2870
Attorney for Chad Blackard