UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STATE OF LOUISIANA

CHAD BLACKARD                                         CIVIL ACTION 12-704

VERSUS

LIVINGSTON PARISH SEWER DISTRICT          STATE OF LOUISIANA

MEMORANDUM IN SUPPORT OF CHAD BLACKARD'S
MOTION FOR NEW TRIAL

NOW INTO COURT, through undersigned counsel, comes plaintiff Chad Blackard, who respectfully files his Memorandum in Support of his Motion for New Trial pursuant to FRCP Rule 59.

<u>Failure to Accommodate</u>

Blackard's discrimination claim falls under the accommodation provisions of the ADA. Whenever an employee requests an accommodation, an employer is required to accommodate the employee or enter into an interactive process to discuss possible accommodations. As stated in plaintiff's Opposition, the burden shifting test does not apply when plaintiff proves a prima facie case of failure to accommodate, but instead a direct violation of the ADA will have been established. *Davis v. City of Grapevine*, 188 S.W.3d at 758 (citing *Bultemeyer v. Fort Wayne Cmty. Schools*, 100 F.3d 1281, 1283 - 84 (7th Cir. 1996)).

Accordingly, for Plaintiff to establish a prima facie case of discrimination based on

Defendant's failure to provide a reasonable accommodation, he must show: (1) that he is an individual who has a disability within the meaning of the ADA; (2) that Defendant is covered by the ADA and had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of his position or another available position within the company; and (4) that Defendant refused to make such accommodation. *Davis v. City of Grapevine*, 188 S.W.3d 748, 758 (citing *Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 (4th Cir. 2001).

However, in the Court's ruling, it never addresses plaintiff's accommodation claim and only addresses the burden shifting test.  Moreover, the Court states that "Defendant moves for summary judgment arguing that the Plaintiff is not "disabled" for purposes of the ADA, that it granted a reasonable accommodation to Plaintiff by removing him from on call night duty.  With all due respect to the Court, nowhere in Defendant's argument does it contend that it made a reasonable accommodation.  In fact, the only mentioning of an accommodation in Defendant's argument is that "allowing employees to come into work whenever they please would be an undue hardship."

Even if defendant would have made the argument that it offered a reasonable accommodation to plaintiff, this is a factual dispute that is not proper for summary judgment. Moreover, this is contradictory whereas defendant claims it never regarded plaintiff as being disabled, but nevertheless somehow granted him an accommodation.

<u>Qualified Disability</u>

The Court also ruled that plaintiff did not have a qualified disability under the ADA. The Court cites *Toyota Motor Mfg. Ky., Inc. v. Williams* and *Carter v. Ridge (*quoting *Toyota)* as a basis for its ruling.  However, this is no longer good law as of 2008 when the

ADA was amended. In fact, all of the cases cited in the Court's ruling in support of whether or not plaintiff was disabled were decided prior to 2008.

The ADA's actual language after 2008 is as follows:

Sec. 12101 note: Findings and Purposes of ADA Amendments Act of 2008, Pub. L. 110-325, Â§ 2, Sept. 25, 2008, 122 Stat. 3553, provided that:

(a) Findings

Congress finds that-

(1) in enacting the Americans with Disabilities Act of 1990 (ADA), Congress intended that the Act "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and provide broad coverage;

.........

(5) **the holding of the Supreme Court in Toyota Motor Manufacturing, Kentucky, Inc. v. Williams, 534 U.S. 184 (2002) further narrowed the broad scope of protection intended to be afforded by the ADA;**

(6) **as a result of these Supreme Court cases, lower courts have incorrectly found in individual cases that people with a range of substantially limiting impairments are not people with disabilities;**

(7) **in particular, the Supreme Court, in the case of Toyota Motor Manufacturing, Kentucky, Inc. v. Williams, 534 U.S. 184 (2002), interpreted the term "substantially limits" to require a greater degree of limitation than was intended by Congress; and**

(8) **Congress finds that the current Equal Employment Opportunity Commission ADA**

**regulations defining the term "substantially limits" as "significantly restricted" are inconsistent with congressional intent, by expressing too high a standard.**

(b) Purposes

The purposes of this Act are-

......

(4) **to reject the standards enunciated by the Supreme Court in Toyota Motor Manufacturing, Kentucky, Inc. v. Williams, 534 U.S. 184 (2002), that the terms "substantially" and "major" in the definition of disability under the ADA "need to be interpreted strictly to create a demanding standard for qualifying as disabled," and that to be substantially limited in performing a major life activity under the ADA "an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives";**

(**5) to convey congressional intent that the standard created by the Supreme Court in the case of Toyota Motor Manufacturing, Kentucky, Inc. v. Williams, 534 U.S. 184 (2002) for "substantially limits", and applied by lower courts in numerous decisions, has created an inappropriately high level of limitation necessary to obtain coverage under the ADA, to convey that it is the intent of Congress that the primary object of attention in cases brought under the ADA should be whether entities covered under the ADA have complied with their obligations, and to convey that the question of whether an individual's impairment is a disability under the ADA should not demand extensive analysis; and**

**(6) to express Congress' expectation that the Equal Employment Opportunity Commission will revise that portion of its current regulations that defines the term "substantially limits" as "significantly restricted" to be consistent with this Act, including the amendments made by this Act.**

In its ruling, the Court states that the plainitff "must have an impairment that prevents or <u>severely restricts</u> the individual from doing activities....." The ADA expressly rejected this exact provision that the Court is relying on in its ruling.

The Court also cites 29 C.F.R. 1630.2 (J) stating that in order for an impairment to substantially limit a major life activity, it must <u>significantly restrict</u> the duration, manner, or condition...... However, this is also incorrect citing of the law, and this exact CFR provision states the following which is not mentioned:

j) Substantially limits—

.........

(i) **The term "substantially limits" shall be construed broadly in favor of expansive coverage**, to the maximum extent permitted by the terms of the ADA. "**Substantially limits" is not meant to be a demanding standard.**

(ii) An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. **An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting.**

Again, the Court used a much higher legal standard than is allowed for determining whether or not Blackard has a qualified disability, by relying on legislatively overruled case

law and incorrect CFR provisions.

Even more importantly which is not mentioned, 29 C.F.R. 1630.2 (J)(3) states that in virtually ALL cases, certain impairments are covered under the ADA, including "bipolar disorder, post-traumatic stress disorder, obsessive compulsive disorder, and schizophrenia which substantially limit brain function."  It is undisputed that plaintiff was diagnosed with and has been receiving treatment for bipolar disorder.  Therefore, based on this alone, there should be no question about whether or not plaintiff was actually a qualified disabled individual under the provisions of the ADA.

Conclusion

For the foregoing reasons, in the spirit of fairness and justice, the Court should grant Plaintiff's request for a new trial from the Judgment rendered on September 12, 2013.

Respectfully Submitted by:

*s/Gregory Miller*
Gregory Miller #17059
Miller & Hampton
3960 Government Street
Baton Rouge, LA  70806
Telephone : (225) 343-2205
Facsimile:   (225) 343-2870
Email:       gjm@mlhlaw.com
Attorney for Chad Blackard

## CERTIFICATE OF SERVICE

I, Gregory J. Miller, hereby certify that a copy of the foregoing has this day been sent via electronic filing to counsel of record as follows:

    D. Blayne Honeycutt
    Colt J. Fore
    519 Florida Blvd.
    Denham Springs, LA  70726  .

                                                  x/Gregory J. Miller
                                                    Gregory J. Miller